**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Taboh Mopecha,<br><br>　　　　Petitioner,<br><br>v.<br><br>Unknown Romo, et al.,<br><br>　　　　Respondents. | No. CV-24-02663-PHX-JAT<br><br>**ORDER** |

Pending before the Court are Petitioner Taboh Mopecha's motions for reconsideration. (Docs. 18, 19). The first motion asks the Court to "review the Magistrate Judge's determinations de novo or under a lesser standard." (Doc. 18 at 2). The second motion asks the Court to "amend it's [sic] decision to deny discovery." (Doc. 19 at 2). Respondents did not file a response to either motion. For the following reasons, the Court will deny both of Petitioner's motions.

**I.   BACKGROUND**

This case began in October 2024 when Petitioner filed a *pro se* Petition for Writ of Habeas corpus pursuant to 28 U.S.C. § 2254 ("Petition"). (Doc. 1). The relevant procedural history is as follows. Petitioner filed a motion for discovery on March 18, 2025. (Doc. 12). The Magistrate Judge to whom this case was assigned denied this motion on April 15, 2025. (Doc. 14). On the same day, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending that the Petition be denied. (Doc. 15). Petitioner did not file any objections to the R&R. The Court accepted the R&R on May 16,

2025. (Doc. 16). Petitioner filed his first motion for reconsideration on June 16, 2025, (Doc. 18 at 7), and his second on June 18, 2025, (Doc. 19 at 5).

## II. LEGAL STANDARD[1]

### a. Interlocutory Orders

Local Rule Civil 7.2(g) applies to interlocutory orders. *See Kaufman v. Warner Bros. Ent. Inc.*, No. CV-16-02248-PHX-JAT, 2019 WL 1150953, at *2 (D. Ariz. Mar. 13, 2019); *Parker v. Arizona*, No. CV-17-00887-PHX-DWL, 2019 WL 2579404, at *2 (D. Ariz. June 24, 2019). An order is interlocutory if it does not end the litigation on the merits. *See Van Cauwenberghe v. Biard*, 486 U.S. 517, 521–22 (1988).

"Absent good cause shown, any motion for reconsideration [under Local Rule 7.2(g)] shall be filed no later than fourteen (14) days after the date of the filing of the Order that is the subject of the motion." LRCiv 7.2(g). The Court will not grant a motion for reconsideration unless the movant shows "manifest error" or "new facts or legal authority" that could not have been discovered earlier. LRCiv 7.2(g).

### b. Judgments

Federal Rule of Civil Procedure 59(e) applies to motions to alter or amend a judgment. A motion under Rule 59(e) "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

A district court has discretion to alter or amend a judgment if: "1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law." *Turner v. Burlington N. Santa Fe R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (internal citations omitted) (citing *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc)). However, a motion to alter or amend should not "be used to ask the court to rethink what the court had already thought through—rightly or wrongly." *Smith*

---

[1] Petitioner did not specify the rule under which Petitioner seeks relief. The Court finds that his motions invoke LRCiv 7.2(g) and Rule 59(e). While Rule 60(b) could also be implicated, because Petitioner does not argue any of the Rule 60(b) categories for relief, the Court will not analyze Petitioner's motions under that rule.

*v. Ryan*, No. CV 12-318-PHX-PGR, 2014 WL 2452893, at *1 (D. Ariz. June 2, 2014) (citing *United States v. Rezzonico*, 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998)). Further, a Rule 59(e) motion "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been made prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008).

### III.   DISCUSSION

#### a.   Motion to Reconsider Court's Order Denying Discovery

Because the Court's Order denying Petitioner's motion for discovery, (Doc. 14), did not end the litigation on the merits, the Order was an interlocutory order. As such, under LRCiv 7.2(g), a motion for the Court to reconsider that Order must have been filed on or before April 29, 2025 (14 days after the date of the filing of the Order). Here, Petitioner filed his motion on June 18, 2025. (Doc. 19 at 5). Thus, Petitioner's motion is untimely without good cause.[2]

Even if timely, Petitioner does not show that the Court made a "manifest error" in denying his motion for discovery, nor does Petitioner introduce new facts or legal authority that could not have been discovered earlier. Instead, Petitioner takes the opportunity to repeat[3] an argument made in his original motion for discovery; Petitioner argues he showed "good cause" for the Court to order polygraphs of three witnesses. (Doc. 19 at 2). Repeating arguments already made is not grounds for reconsideration. *Smith*, 2014 WL 2452893, at *1.

Petitioner then appears to argue that the Court was incorrect to apply the standard for an evidentiary hearing under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and the Court should have instead applied the Rule 6 limited discovery standard. (Doc. 19 at 3). As the Court explained, *both* Rule 6 and AEDPA guided the Court's analysis. (Doc. 14 at 2–5). Petitioner cites *Payne v. Bell*, 89 F. Supp. 2d 967, 970 (W.D. Tenn. 2000), for the idea that "a petitioner may show good cause under Rule 6

---

[2] Even if this motion was somehow construed as a motion for reconsideration under Rule 59(e), the motion was not filed within 28 days of the date of final judgment.
[3] Although Petitioner claims that he is not repeating the arguments he stated in his motion, he does exactly that.

- 3 -

without meeting the high standard for an evidentiary hearing under the AEDPA." The Court agrees and, as the Court explained, Petitioner did *not show good cause under Rule 6* here. (Doc. 14 at 5). There was no manifest error. Accordingly, Petitioner's motion to reconsider the Court's Order denying discovery is denied.

### b. Motion to Reconsider Court's Order Accepting the R&R

Because the Court's Order accepting the R&R ended the litigation on the merits, it is a judgment and not an interlocutory order, and it is governed by Rule 59(e). Here, the Court entered judgment on May 16, 2025. (Doc. 16 (Order accepting R&R); Doc. 17 (entry of judgment)). As such, under Rule 59(e), Petitioner must have filed his motion on or before June 13, 2025 (28 days after the entry of judgment). Here, Petitioner filed his motion on June 16, 2025. Petitioner's motion is therefore untimely.

Even if timely, Petitioner does not present grounds for the Court to alter or amend its judgment. Petitioner presents two arguments in his motion. Petitioner first argues that the Court erred in finding his claims procedurally defaulted without excuse. Petitioner does not present new evidence or an intervening change in the law. He rather rehashes arguments from his Petition regarding his assertion that his claims should not be procedurally defaulted because he would have raised them at the appellate level but for the Arizona Court of Appeals refusing to allow him to file a supplemental brief. (Doc. 18 at 3; Doc. 1 at 9). The fact remains that Petitioner's claims were not presented to the Arizona Court of Appeals—the reason why is inconsequential. As the R&R explains, Petitioner's claims are thereby procedurally defaulted, and his assertion that he had ineffective assistance of counsel is no excuse. (Doc. 15 at 11–14).

Petitioner next argues that the Court erred in finding that Petitioner did not meet the miscarriage of justice/actual innocence exception to procedural default. Again, Petitioner largely repeats arguments made in his Petition and motion for discovery, and fails to assert any new evidence[4] or intervening changes in the law. The R&R includes a detailed

---

[4] To justify an alteration or amendment, Petitioner must show that he discovered evidence after the Court entered judgment that he could not have discovered earlier through due diligence. *Dixon v. Wallowa Cnty.*, 336 F.3d 1013, 1022 (9th Cir. 2003). Thus, while Petitioner points to "minutes from [his] sentencing, . . . not part of the current record were

- 4 -

discussion as to why Petitioner's assertions are insufficient to meet the exception. (Doc. 15 at 13–14). To the extent Petitioner references discovery, the Court has already explained why it will not reconsider its Order denying discovery.

The Court does not find any manifest error of law and does not find that manifest injustice will occur if the motion is denied. Accordingly, Petitioner's motion to reconsider the Court's Order accepting the R&R is denied.

### IV.   CONCLUSION

For the foregoing reasons,

**IT IS ORDERED** that Petitioner's motions for reconsideration at Docs. 18 and 19 are **DENIED**.

**IT IS FURTHER ORDERED** a certificate of appealability is **DENIED** because jurists of reason would not find it debatable whether the denial of the Motion pursuant to the timing requirements of Rule 59(e) was correct.

Dated this 21st day of July, 2025.

_____
James A. Teilborg
Senior United States District Judge

---

[a] social worker testified and no mitigating factors where [sic] found," this is not "new" evidence for purposes of Rule 59(e).